1  **HOLLY A. SULLIVAN**
   California State Bar No. 216376
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone: (619) 234-8467
4  Facsimile: (619) 687-2666
   Holly_Sullivan@fd.org
5
   Attorneys for CHICOJ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: **25CR2821-AJB** |
|---|---|
| Plaintiff, | MOTIONS : |
| v. | 1) TO COMPEL DISCOVERY;<br>2) TO PRESERVE EVIDENCE; AND<br>3) FOR LEAVE TO FILE FURTHER MOTIONS |
| **DENIS ANDERSON CHICOJ-YACON,** | |
| Defendant | |

**I.**

**FACTUAL BACKGROUND[1]**

On July 1, 2025, HSI criminal analyst Paulina Favela was reviewing unknown HSI proprietary databases from which agents can search through persons' financial transactions to locate transactions to send currency to foreign countries or territories. Through analyzing this database, agents believed that Mr. Chicoj could be a citizen of another country as he was believed to have utilized a foreign identification while conducting these transactions. Although there were no criminal records associated with Mr. Chicoj, there were what the agents believed were rental

---

[1] These facts have been gleaned through discovery provided by the government to date.

1

records and DMV records to an address in the Linda Vista area of San Diego. Agents also did not locate any immigration records for Mr. Chicoj which would have shown any entry into the United States or deportation/removal from the United States. From this, HSI Supervisory Special Agent B. Del Villar created an immigration form I-200 which is named Warrant of Arrest of Alien but is not a judicial warrant.

On July 2, 2025, a team of agents including HSI Supervisory Special Agent Del Villar, SA J. Odum, SA M. Cahill and HSI Task Force Officer R. Fuchs went to a parking lot for an apartment building in the Linda Vista location in which they believed Mr. Chicoj lived. The officers saw an adult who they believed was Mr. Chicoj get into the driver's seat of a grey Ford Mustang which they learned was registered to Mr. Chicoj. After the car backed into a parking space within the apartment building parking lot, SSA Del Villar drove his car in front of the Mustang, blocking its forward movement. Another CBP Officer R. Fuchs also pulled his car in behind Del Villar's car to further block any forward movement of the Mustang.

As the plain clothes officers exited their unmarked cars, they claim they identified themselves as officers and at least one of the officers CBP Officer R. Fuchs had the words "POLICE" on the back of the vest as they approached the Mustang. Mr. Chicoj locked himself in his car and didn't immediately exit the Mustang while using his phone. At this point, officers began to try to break the car windows. SSA Del Villar tried to break the front driver's window but couldn't. During this time the Mustang attempted to pull out of that parking spot away from the officers. During this movement, SSA Del Villar succeeded in breaking the rear driver's side window. Subsequent to the window break and further aggressive communications from the officers, Mr. Chicoj exited his car and was arrested. Afterwards, SSA Del Villar noticed he had cuts on his right hand from breaking the windows.

On July 3, 2025, the United States filed a complaint charging Mr. Chicoj with assaulting, resisting, or impeding federal officers, a felony, in violation Title 18 U.S.C. § 111(a)(1), specifying that the manner in which the purported assault was conducted was by ramming a government vehicle with his vehicle and driving his vehicle towards the law enforcement officers. *See* docket 1, complaint. The government describes this as felony conduct without specifying if they allege whether this was based on the intent to commit another felony or whether there was physical contact with the victim to warrant the enhancement. No discovery nor offer were provided to Mr. Chicoj subsequent to the filing of the complaint.

On July 16, 2025, the government filed an indictment charging Mr. Chicoj with four counts of assault on a federal officer under both the misdemeanor/felony provision of 18 U.S.C. §111(a)(1) and the felony enhanced provision of 18 U.S.C. §111(b) for use of a deadly weapon, naming the four officers from the complaint, DHS Agent B. Del Villar in count 1, DHS Agent M. Cahill in count 2, DHS Agent J. Odum in count 3, and CBP Officer R. Fuchs in count 4. *See* docket 11, indictment. Again, as with the complaint, the indictment does not specify whether (a)(1) would be specific with physical contact with the named victim or whether there would be intent to commit another felony.

As the government had not yet provided any discovery, Judge Goddard, the assigned magistrate court judge set a discovery status hearing for July 25, 2025. The government has begun to produce discovery as outlined below. In order to make sure any discovery has been preserved as requested, Judge Goddard ordered the following evidence preserved at counsel's request:

    A. Any body camera or dash camera evidence.
    B. Mr. Chicoj-Yacon's phone and download.
    C. The databases relied upon by immigration officials for the administrative ICE warrant.

3

D. Information if ICE accessed DMV records for immigration enforcement purposes which violates AB1766 and SB 54 (California Values Act).

E. Any excessive force claims on the named officers in the indictment.

F. Names of any witnesses to the alleged felony assaults to include any other officers.

G. The basis for the ICE tweet that they sought to arrest him after locating several foreign monetary transactions.

H. Any government memoranda describing policy for ICE/DHS/CBP to use vests identifying themselves as police rather than as immigration/ICE/DHS/CBP and to wear plain clothes.

## II.

## RULE 16 DISCOVERY STATUS

The following discovery has been produced to date in 3 rounds. Round 1 consists of 84 pages of paper discovery which includes the immigration warrant for arrest of alien issued on July 1, 2025, an unsigned two-page narrative of the arrest of Mr. Chicoj, a report from Special Agent Nicholas Sisto, a report from SSA Bryan Del Villar, a report from SA Jordan Odum, a report from SA Michael Cahill, a report from CBP officer Raul Fuchs, 44 photographs, and various other reports concerning properties and other procedural aspects. Of note, both the cell phone purported to belong to Mr. Chicoj and his car were seized by agents/officers. Discovery production 2 entails a two-page report drafted by SA Del Villar explaining how officers obtained an immigration warrant for Mr. Chicoj's arrest through the Criminal Analyst use of "law enforcement databases" to locate financial transactions to send currency to foreign "territories." Discovery production 3 entails an audio on July 2 for an interview of CBP Fuchs regarding events on July 1. There is also a report regarding the procedure of interviews of other present agents, which were not recorded. The substance of those interviews is not contained within the report provided.

The government has indicated they will continue to endeavor to locate information about the tweets or databases accessed by agents although they note the database is a "proprietary database" and they have said that there is no body camera or dash camera evidence that exists in the government's possession. They also indicate that they have sought a warrant for the phone of Mr. Chicoj. They have forwarded two clips from the ICE twitter or facebook accounts where ICE posted that protestors (charged separately) were present at the scene where an "unhinged" alien with a photo of Mr. Chicoj "rammed" an ICE vehicle.

### III.
### MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

The defense moves for the production of certain discovery and for the preservation of certain evidence including the particular requests above. This request includes not just information that the prosecutor knows of. It includes all information that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *United States v. Bryan*, 868 F.2d 1032, 1040 (9th Cir. 1989). As there is still outstanding discovery that has not been produced, the preservation of certain evidence that may be destroyed or put out of the custody and control of the government is specifically requested.

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). The government must disclose all material evidence. Fed. R. Evid. 16(E)(i). "Materiality is a low threshold; it is satisfied so long as the information ... would have helped to prepare a defense." *United States v. Soto–Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (internal quotation marks omitted). "The test is not whether the discovery is admissible at trial, but whether the discovery may assist [the defendant] in formulating a defense, including leading to admissible evidence." *Id*. This includes both inculpatory and exculpatory information, *United States v.*

*Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013), and even information that could "cause[] a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotation marks omitted). With this in mind, Mr. Chicoj moves for the preservation and production of the following evidence.

**(1)** <u>Mr. Chicoj's Statements</u>. The government must disclose to Mr. Chicoj **all** statements made by Mr. Chicoj; the substance of any statements made by Mr. Chicoj that the government intends to offer in evidence at trial; any response by Mr. Chicoj to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Chicoj's oral statements contained in the handwritten notes of any government agent; any response to *Miranda* warnings that were or may have been given to Mr. Chicoj; as well as any other statements by Mr. Chicoj. Fed. R. Crim. P. 16(1)(1)(A).

The Advisory Committee Notes and the 1991 Amendments to Rule 16 make it abundantly clear that the government has the obligation to reveal **all** of Mr. Chicoj's statements, whether oral or written, regardless of whether the government intends to make any use of these statements. Additionally, the government must "disclose *any written record* which contains *reference to* a relevant oral statement by [Mr. Chicoj] which was in response to interrogation, without regard to whether the prosecution intends to use the statements at trial." Fed. R. Crim. P. 16 Advisory Committee Notes (1991 Amendment) (emphasis added).

**(2)** *Brady* <u>Material</u>. Mr. Chicoj requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. *See generally Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Chicoj further requests that the government comply with its affirmative duty to seek out this information from anyone acting on the government's behalf. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence

6

known to the others acting on the Government's behalf in the case, including the police."). This information should be produced promptly after its existence becomes known to the government.

Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). *Brady* also requires disclosure of information that is favorable to either "guilt or punishment," and therefore includes information that may result in a lower sentence, including any cooperation or attempted cooperation by Mr. Chicoj, or, any information obtained from other investigations or interrogations that could result in a lower sentence for Mr. Chicoj. *Brady,* 373 U.S. at 87. Mr. Chicoj specifically requests any and all favorable information obtained in other investigations, other interrogations, or other interviews that could exculpate Mr. Chicoj or otherwise provide information that bears on her sentence, including her alleged role in the offense.

"[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial." *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013). Thus, the prosecutor may not withhold favorable information based on the prosecutor's belief that an appellate court would find the evidence immaterial. *See United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020).

If the government fails to adhere to its *Brady* obligations, Mr. Chicoj requests that this Court impose all appropriate sanctions pursuant to this Court's orders under Federal Rule of Criminal Procedure 5(f) and the Due Process Protection Act. Pub. L. No. 116-182, 134 Stat. 894 (2020) (requiring that "the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law"). This remedy can and should include dismissal of the case. *Bundy*,

968 F.3d at 1045 (approving remedy of dismissal for *Brady* violations).

    **(3)**   <u>Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings under Rule 16(a)(1)</u>. Mr. Chicoj specifically requests all arrest reports, notes, dispatch, and/or other audio/video recordings that relate to the circumstances surrounding his arrest and questioning. This request includes, but is not limited to, any audio recordings, video recordings, rough notes, records, referral slips, reports, in-field communication between officers, transcripts, or other documents in which statements of Mr. Chicoj or any other discoverable material is contained. This information is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady*. In addition, the government must produce recordings, arrest reports, investigators' notes, memos from arresting officers, sworn statements, and any other reports relating to any statement made by Mr. Chicoj under Fed. R. Crim. P. 16(a)(1)(B) and (c), 26.2. Preservation of rough notes is specifically requested, even if the government does not deem them discoverable at this time. *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) ("We reiterate our holding, however, that the FBI must hereafter preserve the original notes taken by agents during interviews with prospective government witnesses or with an accused.").

    Among the items that the government must produce in response to this request are:

- Any and all audio and video recordings of the discovery, investigation, and arrest of Mr. Chicoj, including from any 911 calls or body camera or remote video surveillance footage, as well as any and all dispatch recordings;
- Any and all reports related to the discovery, investigation, and arrest of Mr. Chicoj, however named, including but not limited to field apprehension reports, field intelligence reports, field interview forms, information contained within any database, and the subsequent follow up interviews of named officers from the indictment/complaint;

- Any statement made by any person arrested in close proximity with Mr. Chicoj or who witnessed Mr. Chicoj's arrest, whether or not that person was subsequently deported;

- The Spanish speaking ability of any of the agents/officers present at the arrest of Mr. Chicoj specifically noting that Officer Fuchs explained he spoke directly to Mr. Chicoj in Spanish; and

- Any evidence concerning the actions or excessive force of any of the named officers involved in this or any other immigration related arrest.

**(4)** <u>Evidence related to immigration proceedings and status under Rule 16(a)(1)</u>. Mr. Chicoj requests production of all evidence in the government's possession related to Mr. Chicoj's immigration status and any immigration proceedings regarding Mr. Chicoj or any documentation regarding his presence in the United States, including any "A-File" documents that might exist referencing him or his reference in the immigration documents of others.

**(5)** <u>Evidence Seized</u>.  Mr. Chicoj requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).  The defense also requests any warrant applications that may have been filed. Mr. Chicoj wishes to inspect the seized evidence before trial.

**(6)** <u>Request for Preservation of Evidence</u>. Where evidence is seized, "the government should take every reasonable precaution to preserve it." *United States v. Mr. Chicojiden*, 508 F.2d 898, 903 n.1 (9th Cir. 1974). "[W]hen the government fails to comply with preservation requests and allows evidence to be destroyed, it likely runs afoul of its discovery disclosure requirements under Fed. R. Crim. P. 16." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 981 (9th Cir. 2015).

Mr. Chicoj specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in

9

this case. This request includes, but is not limited to:

- Any and all audio and video recordings and reports of the events leading to Mr. Chicoj's apprehension, including but not limited to dispatch tapes, and recordings of or reports by any officers involved whether on the scene or through radio transmissions;
- Mr. Chicoj's personal effects;
- Any evidence seized from Mr. Chicoj or any third party in relation to this case, including any cellular phones and the data on the phones; and,
- Any audio or video recordings of Mr. Chicoj or any third parties related, directly or indirectly, to this case.

**(7)** <u>Evidence Material to Preparing the Defense or To Be Used in the Government's Case in Chief</u>. Mr. Chicoj seeks, under Fed. R. Crim. P. 16(a)(1)(E), to inspect and/or copy, as well as test, if necessary, all documents and tangible objects (including, for example, photographs, documents, data, reports, any fingerprint analyses, any vehicle, or any other objects that have been seized) that are material to the preparation of the defense, or intended for use in the government's case-in-chief, or were obtained from or belong to Mr. Chicoj. Fed. R. Crim. P. 16(a)(1)(E). Through this request, Mr. Chicoj intends to invoke the full scope of this rule, which provides Mr. Chicoj access to any document or object that is material to the preparation of the defense.

**(8)** <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b), and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate

precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (internal citations omitted). Mr. Chicoj requests such notice two weeks before trial in order to give the defense adequate time to investigate and prepare for trial.

Evidence of prior similar acts includes any "TECS" records that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1993) (concluding that the defendant's prior border crossings were "other acts" evidence subject to disclosure under 404(b)).

**(9)** <u>Expert Witnesses</u>. Mr. Chicoj requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Chicoj or any other witness.

The defense requests the notice of expert testimony be provided at least two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony including by obtaining its own expert and/or investigating the opinions and/or the credentials of the government's expert, and obtaining a hearing in advance of trial to determine the admissibility of any expert. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial judge is a gatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings.").

**(10)** <u>Evidence of Bias or Motive to Lie</u>. Mr. Chicoj requests any evidence that any prospective government witness is biased or prejudiced against Mr. Chicoj, or has a motive to falsify or distort his or her testimony. *Bagley*, 473 U.S. at 676.

  **(11)** <u>Evidence of Investigation of Any Government Witness</u>. Mr. Chicoj requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, or is under investigation by federal, state or local authorities for any potentially criminal conduct. *See* Fed. R. Evid. 608, 609 and 613; *Brady*, 373 U.S. 83.

  **(12)** <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used drugs or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

  **(13)** <u>Jencks Act Material</u>. Mr. Chicoj requests all material to which Mr. Chicoj is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, including dispatch tapes, in advance of the motion hearing or trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitute Jencks material when an agent reviews notes with the subject of the interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999).

  Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Chicoj to review the Jencks material. Mr. Chicoj requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for and use properly any Jencks statements during cross-examination.

1. **(14)** <u>*Giglio* Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Chicoj requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. This request includes any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution or any possible plea bargain, even if no bargain ultimately was made, or the advice not followed.

This request also specifically includes any discussion with a potential witness regarding that witness's immigration status and/or any effect that the witness's statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status. For purposes of this request, "immigration status" includes, but is not limited to citizenship, nationality, lawful permanent residence, border crossing card, parole letter, visa application, or any kind of permission to remain in the United States.

**(15)** <u>Scientific and Other Information</u>. Mr. Chicoj specifically requests the results of any scientific or other tests or examinations, including any reports prepared by the government pertaining to any cellular telephones that were seized in this case and the results of any fingerprint analysis. *See* Rule 16(a)(1)(F).

**(16)** <u>Informants and Cooperating Witnesses</u>. The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957) ("Where

the disclosure of an informer's identity, or of the contents of her communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."); *United States v. Struckman*, 611 F.3d 560, 580 (9th Cir. 2010) (applying *Roviaro*).

The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. *Brady*, 373 U.S. 83; *Giglio*, 405 U.S. at 154-55; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993) (finding that critical lie by informant-witness was exculpatory and, as a result, discoverable under *Brady*). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

**(17)** <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Chicoj requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Chicoj requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) ("The obligation [for the government] to examine the files arises by virtue of the making of a demand for their production."); *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"). Mr. Chicoj specifically requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest, and interrogation in this case. *Accord Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974).

**(18)** <u>Any Prior Criminal Record</u>. Mr. Chicoj requests disclosure of any prior criminal record. Fed. R. Crim. P. 16(a)(1)(D). Mr. Chicoj requests that the government produce not only a "rap" sheet, but also copies of any documents in the possession, custody, or control of the government that relate to any prior convictions upon that the government intends to rely at trial or sentencing.

**(19)** <u>Residual Request</u>. Mr. Chicoj intends by this discovery motion to invoke Mr. Chicoj's rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

Mr. Chicoj requests that the government provide the above-requested material sufficiently in advance of trial to avoid unnecessary delay. Mr. Chicoj also requests that the government provide the above-requested material well in advance of motions hearings. This lead time is necessary in order for defense counsel to effectively investigate this case and assist Mr. Chicoj in preparing a defense.

## III.
## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

To date, there is outstanding discovery that has not been produced. As new information surfaces – via discovery provided by government, defense investigation, or an order of this Court – the defense may need to file further motions, or supplement existing motions. For this reason, defense counsel respectfully requests leave to file further motions.

///
///
///
///
///
///
///

# IV.
# CONCLUSION

For these reasons, Mr. Chicoj respectfully asks this Court to grant these motions.

Respectfully submitted,

Dated: 8/4/25    *s/ Holly A. Sullivan*
**HOLLY A. SULLIVAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Chicoj